T.C. Memo. 1998-254


UNITED STATES TAX COURT


ALVIN VICTOR BRACEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11485-94.               Filed July 13, 1998.


Alvin Victor Bracey, pro se.

<u>Susan M. Pinner</u>, for respondent.


MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined the following

deficiencies in, addition to, and fraud penalties on petitioner's

Federal income taxes:[1]

_____

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
                                        (continued...)

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Fraud Penalty Sec. 6663 |
|------|-----------|-------------------------------|------------------------|
| 1990 | $66,299 | $3,315 | $49,724 |
| 1991 | 52,593 | - 0 - | 39,445 |

Respondent also determined as an alternative to fraud that the underpayments for 1990 and 1991 are subject to accuracy-related penalties under section 6662(b)(1) and (2).

Respondent has conceded the addition to tax under section 6651(a)(1) for 1990 and the fraud penalties, and the parties have reached agreement with respect to each adjustment determined in the notice of deficiency. However, with certain exceptions[2] the parties dispute the applicability of the accuracy-related penalties to the agreed adjustments. Thus the remaining issue for decision is whether petitioner is liable for accuracy-related penalties under section 6662(b)(1) and (2) with respect to the underpayment arising from certain of the agreed-upon adjustments.

---

[1](...continued)
indicated.

[2]On brief respondent concedes that the sec. 6662(b)(1) penalty does not apply to the portion of the 1990 underpayment attributable to an adjustment involving petitioner's contributions to an individual retirement account and the portion of the 1991 underpayment attributable to adjustments involving Schedule C mortgage interest expenses. Respondent's position regarding the sec. 6662(b)(2) penalty with respect to the foregoing adjustments is not entirely clear. To the extent respondent has not conceded these adjustments for purposes of sec. 6662(b)(2), we find on the basis of the record in this case that petitioner had reasonable cause under sec. 6664(c) with respect thereto.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Houston, Texas.

Prior to and during the years in issue, petitioner operated a "wear lining" business as a sole proprietorship, in which he developed and sold linings used in pneumatic handling systems that pulverize and transfer coal into coal-burning industrial boilers, primarily in power plants. Petitioner visited customers in the north central and northeastern United States to solicit orders for such wear linings, arranged for their manufacture by a third party, and subsequently supervised installation of the linings at a customer's plant. The conduct of petitioner's business required extensive travel, which petitioner estimated at 60,000 to 80,000 miles per year.

For recordkeeping in his wear lining business, petitioner kept a copy of the invoices issued to a customer when an order was placed and then attached a copy of the check when payment was received on the invoice. Petitioner kept separate files for invoices awaiting payment and for paid invoices. It was from these invoices that petitioner calculated the gross receipts from the wear lining business reported on Schedule C of his 1990 and 1991 returns. He did not maintain any ledger or journal with respect to gross receipts.

With respect to travel expenses incurred in his wear lining business, petitioner's recordkeeping consisted of a mileage log and a diary of appointments containing information regarding where he went, with whom he spoke, and the subject matter. With respect to lodging, petitioner did not have receipts to document his expenses. Instead, he claimed lodging expenses as a deduction for travel on his Schedule C by using a per diem estimate that he found in an Internal Revenue Service publication.

In addition to the expenses incurred in his wear lining business, petitioner claimed Schedule C deductions for expenses incurred in connection with certain real property acquisitions in Florida. Sometime in 1990, petitioner acquired three properties in Florida and had a house built on one of them with the intention of leaving the wear lining business and beginning a homebuilding business. The remaining two lots were undeveloped when purchased by petitioner. During the years in issue, petitioner had the lots cleared and filled to meet elevations required by applicable flood laws and arranged for water service to one of them. At some point in 1991, petitioner returned to the wear lining business and tried to rent the house in Florida. He obtained insurance coverage for the house based on its intended use as a rental property. Petitioner was not successful in finding a tenant in 1991 and eventually moved into the house himself. On Schedule C of his 1990 return, petitioner deducted

legal fees that he paid in connection with the purchase of the Florida house. On Schedule C of his 1991 return petitioner deducted depreciation expense with respect to the house.

Petitioner prepared and filed Federal income tax returns for the years in issue without consulting an accountant or other tax professional.

We turn first to the applicability of the section 6662(b)(1) penalty. We consider each agreed adjustment (except as indicated supra note 2) to determine whether the resulting portion of the underpayment is attributable to "Negligence or disregard of rules or regulations" as provided in that section. "Negligence" for this purpose includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]", and "disregard" includes "any careless, reckless, or intentional disregard". Sec. 6662(c). Respondent's determination of an accuracy-related penalty is presumptively correct, and petitioner bears the burden of proving the determination wrong. Rule 142(a); Monahan v. Commissioner, 109 T.C. 235 (1997); Hitchins v. Commissioner, 103 T.C. 711, 719 (1994); Neely v. Commissioner, 85 T.C. 934, 947 (1985); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). In deciding whether the accuracy-related penalty for negligence applies, the test is whether there was a lack of due care or a failure to act prudently under the circumstances. Hitchins v. Commissioner, supra. Thus, the taxpayer must show that he acted reasonably and

prudently and exercised due care in choosing the treatment of the items in issue. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Neely v. Commissioner, supra at 947-948. The section 6662(b)(1) penalty shall not in any event be imposed with respect to any portion of an understatement as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1).

Unreported Gross Receipts

In the notice of deficiency, respondent determined that petitioner had unreported Schedule C gross receipts of $132,330 in 1990 and $58,107 in 1991. Respondent now concedes that petitioner did not have any unreported gross receipts in 1991, and the parties have stipulated that the unreported gross receipts in 1990 were $12,911 rather than $132,330. Citing Sindik v. Commissioner, T.C. Memo. 1996-47, respondent contends that the underpayment arising from the unreported receipts is attributable to negligence because petitioner failed to keep adequate books and records. In particular, respondent argues that petitioner was negligent in keeping only invoices and in failing to maintain a ledger or journal in which he separately recorded information regarding his gross receipts.

Taxpayers are required to keep such records "as are sufficient to establish the amount of gross income * * * required to be shown" on the return. Sec. 1.6001-1(a), Income Tax Regs. The regulations further provide that negligence for purposes of

section 6662(b)(1) and (c) includes "any failure by the taxpayer to keep adequate books and records". Sec. 1.6662-3(b)(1), Income Tax Regs. There is no requirement that a taxpayer maintain any specific type of ledger or journal, so long as his overall recordkeeping is sufficient to establish the amount of his income. Petitioner's business required travel to such an extent that he essentially worked out of his automobile. In the circumstances, we are not persuaded that respondent's insistence on ledgers is realistic or appropriate. Petitioner's method of retaining his invoices in paid and unpaid categories was apparently "adequate" for 1991, as the parties have now stipulated that there was no underreporting of gross receipts in that year. As for 1990, petitioner failed to report $12,911 of a total of $242,788 in gross receipts. While the unreported amount is not inconsequential, we are not persuaded that it constitutes either "negligence", which includes "any failure to make a reasonable attempt to comply with the provisions" of the Internal Revenue Code, or "disregard of rules or regulations", which includes "any careless, reckless, or intentional disregard". Sec. 6662(c). We believe that petitioner was making a reasonable, though flawed, attempt to keep track of his gross receipts in the circumstances. Respondent's reliance on Sindik v. Commissioner, supra, is misplaced. The taxpayer in that case kept no records at all, which we found was a failure to make any reasonable attempt to comply and therefore negligent. Here, we

find that the underpayment arising from the unreported gross receipts in 1990 is not subject to the accuracy-related penalty provided in section 6662(b)(1).

Lodging Expenses

In the notice of deficiency, respondent completely disallowed petitioner's claimed travel expenses for his wear lining business in the amounts of $34,398 and $37,422 for 1990 and 1991, respectively. Respondent now concedes that the claimed amounts are allowable except to the extent of lodging expenses of $10,374 in 1990 and $11,286 in 1991. Respondent argues for the negligence penalty because petitioner failed to substantiate the lodging expenses as required by section 274(d). The parties' dispute centers on petitioner's failure to produce receipts for his claimed lodging expenses. Petitioner testified credibly that he maintained a diary of his business travel in which he recorded his appointments, including time, place, substance of the discussion, and follow-up. Petitioner concedes, however, that he did not use actual receipts to calculate the lodging expenses claimed, but instead used a per diem amount that he obtained from an IRS publication. We take judicial notice of IRS Publication 17, "Your Federal Income Tax" (1990), which the agency published for use in preparing 1990 returns. In a section specifically devoted to the records required to support deductions for business travel, the publication states:

> Documentary evidence.  Documentary evidence is required to support all lodging expenses (however, see Per diem allowance or reimbursement, earlier) while traveling away from home.  [IRS Pub. 17, ch. 28, at 149 (1990).]

The parenthetical refers the reader to that portion of the publication where a procedure for accounting for expenses, including lodging expenses, on the basis of a per diem amount rather than actual expenditures is explained.  While it is true that as a self-employed individual petitioner was not eligible to use the per diem method, the Publication is not exceedingly clear on this point, and we accept that petitioner could have misunderstood this based on the language quoted above.  We note in this regard that in the most recent version of Publication 17, "Your Federal Income Tax" (1997), of which we also take judicial notice, the section on "Documentary evidence" has been substantially revised to make clearer the limited circumstances in which the per diem method may be used for lodging expenses.

> Documentary evidence.  You generally must have documentary evidence, such as receipts, canceled checks, or bills, to support your expenses.  However, this evidence is not needed if any of the following apply:
>
> > 1) You have meals or lodging expenses while traveling away from home for which you account to your employer under an accountable plan and you use a per diem allowance method that includes meals and/or lodging.
> > [IRS Pub. 17, ch. 28, at 186 (1997).]

Section 1.6664-4(b)(1), Income Tax Regs. (as effective for the years in issue), provides that reasonable cause for purposes of the accuracy-related penalties includes "an honest

misunderstanding of fact or law that is reasonable in light of the experience, knowledge and education of the taxpayer."  In these circumstances, we believe that petitioner's use of a per diem method to calculate his lodging expenses was an "honest misunderstanding" constituting reasonable cause under section 6664(c)(1).  Thus, the underpayments arising from the disallowed travel expenses are not subject to accuracy-related penalties under section 6662(b)(1) or (2).

## Employee Benefit Program

Petitioner has conceded that he is not entitled to a $1,086 deduction claimed on Schedule C of his 1990 return for employee benefit programs.  Respondent contends that the amount represents petitioner's medical expenses that were not deductible on Schedule A because they did not exceed 7.5 percent of adjusted gross income, see sec. 213(a), and asserts that a section 6662(b)(1) penalty is appropriate because the deduction had no basis in law or fact.  Petitioner offered no explanation or argument with respect to the deduction or the penalty.  On this record, we find that the underpayment arising from this disallowed deduction is subject to the accuracy-related penalty under section 6662(b)(1).

## 1990 Interest Expense

On Schedule C of his 1990 return, petitioner claimed interest expenses of $10,603 for "Mortgage" and $10,210 for "Other".  With respect to the first amount, petitioner now

concedes that it is not allowable as a deduction in 1990. Petitioner admitted that this interest was paid by him in 1989 and offered by way of explanation that he did not have his bank statement available in time to claim the amount on his 1989 return, and so he claimed it on his 1990 return. We find this constitutes "disregard of rules or regulations" within the meaning of section 6662(b)(1).

With respect to "Other" interest of $10,210, the parties have stipulated that petitioner is not entitled to any deduction on Schedule C for "Other" interest but instead is entitled to a mortgage interest deduction of $7,730 on Schedule A of his 1990 return. Petitioner has offered no explanation for the $2,480 in claimed interest to which he now concedes he is not entitled. In the absence of any substantiation for this amount, we find that the underpayment arising from its disallowance is attributable to negligence. Sec. 1.6662-3(b)(1), Income Tax Regs.

## 1990 Legal Expenses

Petitioner claimed $10,556 in legal expenses in Schedule C of his 1990 return to which the parties now stipulate he was not entitled. The amount represents legal fees petitioner paid in connection with the purchase of a house in Florida as part of his efforts to commence a homebuilding business. Petitioner now concedes that the amounts should have been capitalized and added to the basis of the house. Petitioner did not seek any professional advice with respect to taking the deduction. We

believe in any event that the rules with respect to the treatment of legal fees incurred in connection with the purchase of real estate are relatively simple and clear. Thus, we do not find reasonable cause for the error under section 6664(c)(1). On this record, we sustain respondent's determination that the underpayment arising from this disallowed deduction is subject to an accuracy-related penalty under section 6662(b)(1).

Depreciation

Petitioner claimed $6,970 of depreciation on Schedule C of his 1991 return to which the parties now stipulate he was not entitled. The amount represents depreciation claimed with respect to the house petitioner purchased in Florida in 1990. Petitioner held the house throughout 1991, attempted to rent it, and obtained insurance designed to provide coverage for a rental. He was unsuccessful in renting the house and eventually moved into it himself, although the record does not disclose when. Respondent asserts that it was negligent for petitioner to depreciate a house that he never rented and into which he eventually moved. We think petitioner's negligence depends upon whether, given the circumstances, he reasonably believed that the property was depreciable.

Section 167(a) allows a depreciation deduction only if the property is either used in a trade or business or held for the production of income. The phrase "held for the production of income" includes the expectation of gain from the disposition of

property as well as recurring income such as rent. <u>Mitchell v. Commissioner</u>, 47 T.C. 120, 128 (1966). In light of petitioner's other real estate activities in Florida, we believe he originally acquired and held the house with the expectation of realizing gain upon its disposition. We conclude that petitioner reasonably believed that the house was depreciable. Therefore, he had reasonable cause and acted in good faith, and the underpayment arising from the disallowed depreciation is not attributable to negligence. Secs. 6662(b)(1), 6664(c)(1); see <u>Rezazadeh v. Commissioner</u>, T.C. Memo. 1996-245, affd. without published opinion 132 F.3d 36 (7th Cir. 1997).

<u>Miscellaneous Expenses</u>

The following chart lists various additional expenses claimed by petitioner on Schedule C for 1990 and 1991 that were challenged by respondent. The second column shows the amount to which the parties have stipulated that petitioner is entitled, the third column shows the amounts originally claimed by petitioner on his returns, and the fourth column shows the difference; i.e., the amount petitioner claimed to which he now concedes he is not entitled.

| Expense | Stipulated | Claimed | Difference |
|---|---|---|---|
| 1990 Taxes | $2,719 | $3,100 | $381 |
| 1991 Taxes | 4,976 | 6,139 | 1,163 |
| 1990 Utilities | 1,637 | 1,861 | 224 |
| 1991 Miscellaneous[1] | 7,101 | 9,942 | 2,841 |

[1]Aggregate figure for legal fees, utilities, insurance, and rent.

With respect to all amounts in the fourth column, respondent contends on brief that there was no substantiation. Petitioner has offered no explanation with respect to the amounts he concedes were claimed improperly. In the absence of any substantiation for these amounts, we find that the underpayment arising from their disallowance is attributable to negligence. Sec. 1.6662-3(b)(1), Income Tax Regs.

Substantial Understatement of Tax

Alternatively, respondent determined that the accuracy-related penalty applies due to a substantial understatement of income tax pursuant to section 6662(b)(2). Section 6662(d)(1)(A) provides that a substantial understatement occurs when the understatement (of tax) exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return. Generally, the understatement is the amount of tax required to be shown on the return over the amount of tax imposed which is shown on the return, reduced by that portion of the understatement attributable to: (i) The tax treatment of an item for which there was substantial authority; or, (ii) an item with respect to which the relevant facts affecting its treatment were adequately disclosed on the return or in a statement attached thereto. Sec. 6662(d)(2)(A) and (B). Petitioner has not provided any authority for the positions taken on his returns. Petitioner argues for relief from penalties because he made full disclosure (when audited) of all the facts and circumstances surrounding the

various entries on his return.  Petitioner misunderstands, and does not meet, the requirement of section 6662(d)(2)(B), which is that disclosures be on the return or a statement attached thereto.  Petitioner made no such disclosure.  See sec. 1.6661-4(a), Income Tax Regs.  Accordingly, there is no reduction in the understatement.

The question of whether there is a substantial understatement of income tax thus depends upon the amount of the understatement, which will be addressed in the Rule 155 computation.  The understatement shall not include any portion of the underpayment for which we have herein found there was reasonable cause under section 6664(c)(1).

We have considered all other arguments made by petitioner and found them to be either irrelevant or without merit.

To reflect the foregoing and concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.